UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANTHONY W. PERRY,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. TDC-14-2862

**MEMORANDUM OPINION**

Plaintiff Anthony W. Perry brings this action under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346(b), 2671–80 (2012), for claims arising from the execution of a settlement agreement with the United States Census Bureau ("Census Bureau") to resolve an action before the United States Equal Employment Opportunity Commission ("EEOC"). Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiff's Motion for Leave to Amend Complaint. The Motions are ripe for disposition, and no hearing is necessary to resolve the issues. *See* Local Rule 105.6 (D. Md. 2014). Having reviewed the filings, the Court GRANTS the Motion to Dismiss and DENIES the Motion for Leave to Amend.

**BACKGROUND**

Perry, a 29-year employee of the Census Bureau within the United States Department of Commerce, alleges that, while he was employed by the Census Bureau in 2011, he was coerced into signing a settlement agreement (the "Settlement Agreement") that resolved pending claims he had filed with the EEOC. The Settlement Agreement required Perry to retire "voluntarily" by

September 4, 2012. 1st Am. Compl. ¶¶ 39–44, ECF No. 4; 1st Am. Compl. Ex. B at 1, ECF No. 4-2. Perry alleges that the Census Bureau threatened to fire him immediately if he did not sign the Settlement Agreement. He also alleges that the Settlement Agreement contained a nondisclosure provision that violates EEOC policy.

Perry signed the Settlement Agreement on August 16, 2011. He then retired on April 2, 2012, in accordance with the Settlement Agreement. On February 18, 2014, Perry filed an administrative FTCA claim with the Census Bureau challenging the Settlement Agreement. He also filed claims with the EEOC and the United States Merit Systems Protection Board ("MSPB") challenging the Settlement Agreement. Each agency denied his administrative claims.[1] The Census Bureau determined that Perry's claims were more appropriately brought under Title VII of the Civil Rights Act of 1964. The EEOC found no coercion. After concluding that Perry failed to establish that the Census Bureau misled him into signing the Settlement Agreement by stating that he would have no right to appeal if the Census Bureau removed him, the MSPB denied his claim on jurisdictional grounds, because Perry waived his right to appeal in the Settlement Agreement.

Perry then filed the Complaint in this action on September 9, 2014, followed by an Amended Complaint on September 29, 2014. The United States moved to dismiss on November 26, 2014 on the grounds that (1) there is no subject matter jurisdiction because the original Complaint was filed more than two years after the alleged tort; and (2) Perry's claims are preempted by the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 *et seq.* (2012). Instead

---

[1] The Court takes judicial notice of the administrative decisions by the EEOC (*Perry v. Pritzker*, Appeal No. 0120130129) and the MSPB (*Perry v. Dep't of Commerce*, Docket Nos. DC-0752-12-0486-B-1, DC-0752-12-0487-B-1).

of filing a Memorandum in Opposition to the Motion to Dismiss, Perry filed a Motion for Leave to Amend Complaint, with a proposed Second Amended Complaint, on April 2, 2015.

## DISCUSSION

I.  **Legal Standards**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a complaint based on a lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). When a defendant asserts that the complaint fails to allege facts upon which subject matter jurisdiction can be based, the facts alleged "are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal based on failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Moreover, the court may consider any documents attached to the complaint that are "integral to the complaint." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

II.  **Timeliness of the FTCA Claim**

The United States first argues that Perry's claim must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Perry filed his Complaint more than two years

after the alleged tort occurred. The FTCA provides that the United States only waives sovereign immunity for tort claims filed administratively with the relevant agency within two years of the date the cause of action arises, and only if the civil action is filed within six months of the denial of the administrative claim by the agency. 28 U.S.C. § 2401(b) (2012). Failure to meet both of these requirements deprives a federal court of subject matter jurisdiction. *See id.* (providing that a claim is "forever barred" if not raised with the appropriate agency within two years after the claim accrues); *Kokotis v. United States*, 223 F.3d 275, 278 (4th Cir. 2000) (explaining that the timely filing of an administrative claim is a "key jurisdictional prerequisite").

The United States asserts that the alleged tort occurred on August 16, 2011, the date that he signed the allegedly coercive settlement agreement. Because Perry's administrative claim was not filed with the Census Bureau until February 18, 2014, the Government argues, Perry did not meet the two-year requirement. It is not entirely clear, however, that the operative date for the start of the two-year period is the date that Perry signed the settlement agreement. Although neither the United States of Appeals for the Fourth Circuit nor the Court of Appeals of Maryland have addressed this issue, the United States Court of Appeals for the District of Columbia Circuit has concluded that, when a plaintiff alleges an agreement by coercion, the statute of limitations "is tolled until the duress or coercion is no longer effective." *Goldman v. Bequai*, 19 F.3d 666, 675 (D.C. Cir. 1994) (quoting 13 Williston on Contracts § 1627B (3d ed. 1970)). According to the Complaint, Perry signed and complied with the settlement agreement for fear of losing his job. Accepting the allegations as true, there is a plausible argument that the two-year limitations period was tolled until Perry retired on April 2, 2012, when the fear of losing his job no longer restrained him from challenging the agreement. Whether a party subject to coercion "continued to be subject to undue influence is a factual question which 'must be determined from all the

surrounding facts and circumstances.'" *Goldman*, 19 F.3d at 675 (quoting 13 Williston § 1627B). Accordingly, the Court declines to dismiss the Complaint for lack of subject matter jurisdiction.

### III. Preemption of FTCA Claims

The United States alternatively argues that the Complaint should be dismissed because all of Perry's claims, brought under the FTCA, are preempted by the CSRA.[2] Congress enacted the CSRA in part to create "an elaborate new framework for evaluating adverse personnel actions against federal employees." *United States v. Fausto*, 484 U.S. 439, 443 (1988) (citation and internal quotation marks omitted). The Fourth Circuit has held that the CSRA "constitutes the exclusive remedy for claims arising out of federal employment," even if relief may be available under other statutes. *See Hall v. Clinton*, 235 F.3d 202, 203–06 (4th Cir. 2000) (holding that the CSRA operates "to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship"). Under this preemption rule, FTCA claims that challenge federal employment decisions are barred. *See Nguyen v. U.S. Dep't of Defense*, 39 F.3d 1178, 1994 WL 582642, at *1 (4th Cir. Oct. 25, 1994) (per curiam) ("A plaintiff may not avoid the CSRA by cloaking his lawsuit in the guise of an FTCA action." (citation omitted)); *Kennedy v. United States*, No. CCB-14-914, 2014 WL 3700350, *2 (D. Md. July 23, 2014) (dismissing an FTCA discrimination claim as precluded, in part, by the CSRA).

---

[2] It is unclear whether the United States is seeking dismissal on preemption grounds based on a lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), or for failure to state a claim, Fed. R. Civ. P. 12(b)(6). The Fourth Circuit has not affirmatively addressed which standard applies in this instance, and the circuits appear to be split on the issue. *Compare Mahtesian v. Lee*, 406 F.3d 1131, 1135 (9th Cir. 2005) (affirming dismissal on preemption grounds based on lack of subject matter jurisdiction), *with Dodd v. Donahoe*, 715 F.3d 151, 154 (6th Cir. 2013) (treating dismissal on preemption grounds as a motion to dismiss for failure to state a claim). The Court need not decide this issue because it finds that the outcome would be the same under either standard.

Here, Perry's claim that he was coerced into signing the Settlement Agreement relates squarely to a federal employment decision. In fact, Perry even sought review on this issue by the MSPB under the CSRA, which ultimately denied the appeal on procedural grounds. *See* 5 U.S.C. § 7513(d) (2012) (providing, under the CSRA, that an "employee against whom an action is taken . . . is entitled to appeal to the Merit Systems Protection Board"). Accordingly, the Court finds that Perry's claim is preempted by the CSRA. *See Hall*, 235 F.3d at 205.

Even if Perry's FTCA claim is classified as an employment discrimination matter, his claim would still be preempted by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (2012), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2012). The Amended Complaint indicates that the underlying dispute leading to the Settlement Agreement related to race, age, or disability discrimination that resulted in Perry filing a claim with the EEOC. It could also be read as asserting a retaliation claim, based on the allegations that Perry received a "Proposed Removal" the day after he made complaints about race and age discrimination, and that, following communications about reasonable accommodations, the Census Bureau proposed "nonnegotiable" terms including his forced retirement. *See* 1st Am. Compl. ¶¶ 31–35; 1st Am. Compl. Ex. A, ECF No. 4-1. Indeed, when the Census Bureau denied his claim that he was coerced into signing the Settlement Agreement, Perry filed an appeal to the EEOC, which affirmed the Census Bureau's determination.

The Fourth Circuit has held that Title VII is "the exclusive judicial remedy for claims of discrimination in federal employment." *Pueschel v. United States*, 369 F.3d 345, 353 (4th Cir. 2004) (dismissing an FTCA claim as preempted by Title VII). Likewise, the Rehabilitation Act is the sole judicial remedy for federal employees alleging disability discrimination and would preempt any FTCA claim relating to disability discrimination by the Census Bureau. *See Brown*

*v. Henderson*, 6 F. App'x 155, 156 (4th Cir. 2001) (upholding dismissal of a claim of disability discrimination under the Americans with Disabilities Act of 1990 against the United States Postal Service because the claim had to be brought under the Rehabilitation Act); *see also Spence v. Straw*, 54 F.3d 196, 202 (3d Cir. 1995) (dismissing an equal protection claim because "the Rehabilitation Act provides the exclusive means by which a litigant may raise claims of discrimination on the basis of handicap by federal agencies"). Thus, even if construed as a discrimination claim, Perry's FTCA claim would be preempted by Title VII and the Rehabilitation Act and is therefore dismissed.

### IV.   Motion for Leave to Amend

In response to the Motion to Dismiss, Perry attempted to file a proposed Second Amended Complaint. When the Clerk of the Court declined to accept it without leave of the Court, Perry filed a Motion for Leave to Amend Complaint to which he attached the proposed Second Amended Complaint. This revised version of the Complaint asserts additional claims under the FTCA for negligence, intentional infliction of emotional distress ("IIED"), fraud, conspiracy to commit fraud, extortion, conspiracy to commit extortion, defamation, and negligent training and supervision.

Because Perry has already amended the Complaint once before, he may amend his pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Leave to amend should only be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted).

Here, the proposed amendment would be futile because the additional proposed causes of action are either preempted under the same analysis discussed above or are not actionable under the FTCA. First, the proposed claims for negligence, IIED, and negligent training and supervision explicitly arise from his removal from the Census Bureau. Those claims are therefore preempted by the CSRA, Title VII, or the Rehabilitation Act. *See Hall*, 235 F.3d at 206; *Venable v. Blank*, No. JFM-12-2406, 2012 WL 5416458, at *1 (D. Md. Nov. 2, 2012) (concluding that a negligence claim "is barred because the CSRA provides an exclusive remedy for negligence claims arising from federal employment"); *see also Pueschel*, 369 F.3d at 353; *Brown*, 6 F. App'x at 156.

Extortion and conspiracy to commit extortion are crimes in Maryland, not torts. *See Yang v. Lee*, 163 F. Supp. 2d 554, 563 (D. Md. 2001) ("Maryland . . . recognizes no civil cause of action for extortion."). Because the United States is only liable under the FTCA for tortious conduct, extortion and conspiracy to commit extortion are not actionable under the FTCA. *See* 28 U.S.C. § 2674 (2012) ("The United States shall be liable, respecting the provisions of this title relating to *tort claims*, in the same manner and to the same extent as a private individual under like circumstances." (emphasis added)). Finally, the United States cannot be sued for fraud or defamation under the FTCA. *See* § 2680(h) (providing that the FTCA does not apply to any claim arising out of libel, slander, misrepresentation, or deceit). Because the proposed Second Amended Complaint does not offer any viable additional actions, the Motion for Leave to Amend is denied on the grounds that amendment would be futile.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED, and the Motion for Leave to Amend Complaint is DENIED. The case is DISMISSED. A separate Order follows.

Date: June 2, 2015

THEODORE D. CHUANG
United States District Judge